```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

NATIONAL COMMISSION FOR THE    )   CIVIL NO. 09-00104 SOM-LEK
CERTIFICATION OF CRANE         )
OPERATORS, a District of       )
Columbia non-profit            )
corporation,                   )
                               )
           Plaintiff,          )
                               )
     vs.                       )
                               )
RANDY VENTULA, an individual,  )
JOHN DOES 1-10, JANE DOES 1-   )
10, ENTITIES 1-10,,            )
                               )
           Defendants.         )
_____)
```

**FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR
<u>PARTIAL DEFAULT JUDGMENT PURSUANT TO FRCP 55(B)(2)</u>**

Before the Court is Plaintiff the National Commission for the Certification of Crane Operator's ("Plaintiff") Motion for Partial Default Judgment Pursuant to FRCP 55(b)(2) ("Motion"), filed October 20, 2009.  Defendant Randy Ventula ("Defendant") neither responded to the Motion nor otherwise appeared in this action.  This matter came on for hearing on November 30, 2009.  Appearing on behalf of Plaintiff was John Dwyer, Jr., Esq.  No one appeared on behalf of Defendant. After the hearing, pursuant to this Court's instructions, Plaintiff submitted two declarations in support of the Motion. After careful consideration of Plaintiff's submissions and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS

that Plaintiff's Motion should be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## STANDARD

Under Federal Rule of Civil Procedure 55(b)(1), the Clerk of the Court may enter default judgment for the plaintiff if the defendant has been defaulted for failure to appear and the plaintiff's claim is for "a sum certain or a sum that can be made certain by computation[.]"  See Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the court for default judgment.  See Rule 55(b)(2).

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  However, a plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right.  See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La

Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Having considered all of the relevant factors, this Court FINDS that default judgment is warranted in the instant case and makes the following findings and recommendations.

**FINDINGS**

1. As of March 1, 2009, Plaintiff offered sixteen different exams (the "Current Exams"), as follows:

> (1)  CORE 652603 0801 (2005) IAI;
>
> (2)  TLL-Grove TMS 750B 652612 1301 (2005) IAI;
>
> (3)  TLL-Link-Belt RTC·8050 652613 2301 IAI;
>
> (4)  TSS-Grove RT59652615 1301 IAI;
>
> (5)  TSS-Manitex M1768 652616 (2005) IAI;
>
> (6)  LBT \Link-Belt HC-238B) 652609 1301 (2005) IAI;
>
> (7)  LBT Manitowoc 777T) 652610 2301 (2005) IAI;

      (8)   LBC Manitowoc 888-S2) 652607 2301 (2005) IAI;

      (9)   LBC American 5300) 652606 1301 (2005) IAI;

      (10)  Tower Crane 654601 030I (2005) IAI;

      (11)  Overhead Crane 653601 0301 (2005) IAI;

      (12)  Core Recert 652605 3401 (2005) IAI;

      (13)  TLL Recert 652614 3401 (2005) IAI;

      (14)  TSS Recert 652617 3401 (2005) IAI;

      (15)  LBT Recert 652611 3401 (2005) IAI; and

      (16)  LBC Recert 652608 3401 (2005) IAI.

     2. In addition to the Current Exams, since 1995, Plaintiff developed and administered earlier versions and forms of its exams that are no longer in use (the "Prior Exams"). The Current Exams and Prior Exams, together with other exams as may be developed and administered by or on behalf of Plaintiff prior or subsequent to the conclusion of this action (collectively, the "Secure Exams"), are not intended to be made available to third parties except during actual test administrations.

     3. As of March 1, 2009, Plaintiff owned registered and valid United States copyrights, including, but not limited to: TXu001247635, TXu001209844, TXu1295876, and a copyright granted September 16, 2008, for certain exams (collectively, "the Registered Exams").

     4. Defendant has infringed upon Plaintiff's copyrights in the Registered Exams.  See 17 U.S.C. § 501(a)-(b).

5. The district court has jurisdiction over the parties to this action and to the subject matter hereof.

6. Injunctive relief is just and proper in this matter, and there is good cause for the entry of a permanent injunction against Defendant. See 17 U.S.C. § 502(a).

7. Although statutory damages are available, see 17 U.S.C. § 504(c), Plaintiff desires that the district judge dismiss its claim for statutory damages.

8. Plaintiff is entitled to its reasonable attorney's fees and costs incurred in this action. See 17 U.S.C. § 505.

9. Plaintiff states that its counsel has incurred the following attorney's fees and costs: Dwyer Schraff Meyer Grant & Green - $14,709.75; and Zarian Midgley & Johnson, PLLC - $17,581.50. [Suppl. Decl. of John R. Dwyer, Jr. at ¶ 4; Decl. of Tyler S. Wirick at ¶ 4.] This Court, however, cannot evaluate the reasonableness of Plaintiff's request for attorney's fees and costs because Plaintiff has not provided any supporting documentation.

## RECOMMENDATIONS

This Court RECOMMENDS that the district judge:

1. GRANT Plaintiff's Motion to the extent that a Permanent Injunction against Defendant (the "Permanent Injunction") should be issued as follows:

    a. Defendant, together with his partners, agents,

servants, joint venturers, employers, employees, contractors, representatives, licensees, assigns, and all other individuals, firms, corporations, associations, and partnerships affiliated, associated or acting in concert or privity or participating with them, or acting at their direction, or having notice of this injunction (collectively "the Enjoined Parties"), either directly or indirectly, shall be permanently enjoined and restrained from:

(1)  Transferring (other than to Plaintiff), disposing of or damaging any of Plaintiff's Secure Exams, in whole or in part, or any works derived therefrom;

(2)  Divulging to others or otherwise making known to any person, misappropriating, transmitting, or using in any manner whatsoever, in whole or in part, Plaintiff's Secure Exams;

(3)  Teaching from, marketing, offering, selling, disposing of, licensing, transferring (except to Plaintiff), displaying, advertising, reproducing, or otherwise exploiting, in whole or in part, Plaintiff's Secure Exams;

(4)  Reproducing, distributing, displaying, or creating any derivative works utilizing the form,

        format and/or content of the Secure Exams, in whole or in part, or any subsequent versions thereof;

        (5)   Using in any form, in print or other medium, the trademarked CCO logo, or the acronyms "CCO" and/or "NCCCO," except with the express written and continuing consent of Plaintiff, and,

        (6)   Engaging in any unlawful and/or unfair business practices with respect to Plaintiff, including, in particular, misappropriating or improperly using Plaintiff's Secure Exams, in whole or in part.

b.   Defendant shall immediately return to Plaintiff all Secure Exams or questions therefrom, if any, still in their possession, custody or control, including originals and copies, in whole or in part, of any Secure Exams.

c.   Without limitation, Plaintiff may give notice of this Permanent Injunction and its terms to third parties, and may serve a copy of this Permanent Injunction, to the extent reasonably necessary to insure compliance with and/or enforce the terms hereof.

d.   Within ten days, counsel for Plaintiff shall serve a copy of this Injunction on Defendant.

2. GRANT Plaintiff's Motion to the extent that it requests the dismissal of Plaintiff's claim for statutory damages.

3. DENY Plaintiff's Motion WITHOUT PREJUDICE to the extent that it requests attorney's fees and costs incurred in this action, and allow Plaintiff to file a motion for attorney's fees and costs that is in full compliance with the applicable requirements of Local Rule 54.3.

4. GRANT Plaintiff's Motion to the extent that final judgment should be entered in favor of Plaintiff and against Defendant as to the Complaint which was filed herein on March 9, 2009.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Partial Default Judgment Pursuant to FRCP 55(b)(2), filed October 20, 2009, should be GRANTED IN PART AND DENIED IN PART.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 29, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NATIONAL COMMISSION FOR CERTIFICATION OF CRANE OPERATORS, ETC. V. RANDY VENTULA, ET AL; CIVIL NO. 09-00104 SOM-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR PARTIAL DEFAULT JUDGMENT PURSUANT TO FRCP 55(B)(2)**