IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, a District of Columbia non-profit corporation,<br><br>   Plaintiff,<br><br> vs.<br><br>RANDY VENTULA, an individual, JOHN DOES 1-10, JANE DOES 1-10, ENTITIES 1-10,,<br><br>   Defendants. | CIVIL NO. 09-00104 SOM-LEK |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS**

   Before the Court, pursuant to a designation by Chief United States District Judge Susan Oki Mollway, is Plaintiff the National Commission for the Certification of Crane Operator's ("Plaintiff") Motion for Attorneys' Fees and Related Non-Taxable Costs ("Motion"), filed on February 23, 2010.  Plaintiff requests an award of $36,327.51[1] in attorneys' fees and $478.01 in costs. Defendant Randy Ventula ("Defendant") neither responded to the Motion nor otherwise appeared in this action.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United

---

 [1] The Motion requests $36,164.12, [Motion at 2,] but there were some mathematical errors in the calculation of the attorneys' fees incurred by Dwyer Schraff Meyer Grant & Green.

States District Court for the District of Hawai`i ("Local Rules").  After reviewing Plaintiff's submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district judge award Plaintiff $26,651.41 in attorneys' fees and $478.01 in costs, for a total award of $27,129.42.

## BACKGROUND

Plaintiff filed the instant copyright infringement action on March 9, 2009.  Defendant did not respond to the Complaint, and Plaintiff obtained an entry of default on June 1, 2009.  On October 20, 2009, Plaintiff moved for partial default judgment, seeking an order granting a permanent injunction, awarding attorneys' fees and costs, and dismissing Plaintiff's claim for statutory damages.

On December 29, 2009, this Court issued its Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Partial Default Judgment Pursuant to FRCP 55(b)(2) ("Findings and Recommendation").  This Court recommended that the district judge: issue a permanent injunction against Defendant; dismiss Plaintiff's claim for statutory damages; deny Plaintiff's request for attorneys' fees and costs without prejudice; and direct the entry of final judgment in Plaintiff's favor.  The district judge adopted the Findings and Recommendation on

January 20, 2010, and default judgment was entered on January 21, 2010.

In the instant Motion, Plaintiff argues that an award of attorneys' fees and costs should be routinely awarded in copyright cases. Plaintiff argues that the attorneys' fees and costs incurred in this action are reasonable and allowable under Ninth Circuit case law.

Defendant did not respond to the Motion.

## DISCUSSION

### I.   Entitlement to Attorneys' Fees

In the Findings and Recommendation, this Court found that Plaintiff was entitled to its reasonable attorneys' fees and costs incurred in this action. [Findings and Recommendation at 5 (citing 17 U.S.C. § 505).] The district judge adopted this finding. This Court therefore need only determine the amount of the award.

### II.  Calculation of Attorneys' Fee Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the

court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Daque, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see

also <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following lodestar amount for work counsel performed in this case:

*Zarian Midgley & Johnson PLLC*[2]

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Zarian | 4.6 | $295 | $ 1,380.00 |
| John Zarian | 3.1 | $300 | $   914.50 |
| Brook Bond | 4.4 | $250 | $ 1,100.00 |
| Tyler Wirick | 75.3 | $185 | $13,930.50 |
| Timothy Murphy | 14.0 | $180 | $ 2,520.00 |
| Jeffrey Parry | 2.5 | $150 | $   375.00 |
| Janelle Finfrock | 6.8 | $ 75 | $   510.00 |
| Janelle Finfrock | 1.7 | $ 80 | $   136.00 |
| | ZARIAN MIDGLEY TOTAL | | $20,866.00 |

*Dwyer Schraff Meyer Grant & Green*[3]

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Dwyer, Jr. | 34.75 | $325 | $11,293.75 |
| William Meyer, III | 9.35 | $350 | $ 3,272.50 |
| Susan Wagner | 1.90 | $105 | $   199.50 |
| | | Subtotal | $14,765.75 |
| | State Excise Tax of 4.712% | | $   695.76 |
| | Dwyer SCHRAFF TOTAL | | $15,461.51 |

[Motion, Aff. of John N. Zarian ("Zarian Aff."), Appx. F, Aff. of John R. Dwyer, Jr. ("Dwyer Aff."), Exh. 1.]

Mr. Zarian graduated from law school in 1989, and is licensed in Idaho, California, the District of Columbia. [Zarian Aff. at ¶¶ 2-3.]  Mr. Bond has twenty years of litigation experience and is licensed in Idaho and California.  Mr. Wirick

---

[2] The Court will hereafter refer to Zarian Midgley & Johnson PLLC as "Zarian Midgley".

[3] The Court will hereafter refer to Dwyer Schraff Meyer Grant & Green as "Dwyer Schraff".

has four years of experience in intellectual property litigation and is licensed in Idaho and Montana.  Mr. Parry has three years of experience in intellectual property litigation and is licensed in Idaho and Washington.  Mr. Murphy has two years of experience in intellectual property litigation and is licensed in Idaho, Oregon, and California.  Ms. Finfrock is a litigation paralegal with five years of experience.  [Id. at ¶¶ 7-11.]

    Mr. Dwyer and Mr. Meyer were admitted to the Hawai`i bar in 1974 and 1979, respectively.  [Dwyer Aff. at ¶¶ 2-3.] Ms. Wagner has twenty six years of experience as a paralegal. [Id. at ¶ 4.]

  **A.** **Reasonable Hourly Rate**

    In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  This Court may apply rates from outside Hawai`i if local counsel is unavailable, either because they are unwilling to take the case or because they lack the level of experience and expertise to do so.  See Gates, 987 F.2d at 1405.

It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Although Plaintiff did not submit other evidence in this case, this Court is well aware of the prevailing rates in the community.

### 1. Zarian Midgley

For each attorney and paralegal from Zarian Midgley, Mr. Zarian states that his or her hourly rate is consistent with rates charged by professionals doing similar work in Boise, Idaho.  [Zarian Aff. at ¶¶ 4, 7-11.]  This Court, however, finds that Idaho rates do not apply because there were attorneys in Hawai`i, such as local counsel from Dwyer Schraff, who could have litigated this case.  This Court will therefore apply Hawai`i rates to the work performed by Zarian Midgley.

Both Mr. Zarian and Mr. Bond have been practicing law for approximately twenty years.  The Court finds Mr. Bond's hourly rate to be manifestly reasonable.  Mr. Zarian's requested rates of $295 and $300 exceed the rates awarded to more experienced attorneys in this district.  See, e.g., Ko Olina Dev., LLC v. Centex Homes, CV 09-00272 DAE-LEK, Order Awarding Attorneys' Fees and Costs, filed 2/9/10 (dkt. no. 126), at 4, 7-8 (attorney licensed since 1976 requested $490 per hour and was

awarded $280); Nicholas M. v. Dep't of Educ., State of Hawaii, CV 09-00162 HG-LEK, Report of Special Master on Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for Award of Attorneys' Fees and Costs, filed 12/3/09 (dkt. no. 17), at 7-9 (requested hourly rate of $285 per hour for attorney licensed since 1972 was manifestly reasonable);[4] Ware v. Chertoff, CV 04-00671 HG-LEK, Report of Special Master on Plaintiff's Motion for Attorney's Fees and Related Non-taxable Costs, filed 6/27/08 (dkt. no. 249), at 15-17 (attorney admitted to practice in 1979 requested $350 per hour, but received $280 per hour);[5] and Goray v. Unifund CCR Partners, et al., CV 06-00214 HG-LEK, Report of Special Master on Plaintiff's Motion for Attorney's Fees and Costs, filed 6/13/08 (dkt. no. 88), at 9-12 (attorney admitted to practice in 1976 requested $300 per hour, but received $280).[6] This Court therefore finds that Mr. Zarian's requested hourly rates are excessive and that a reasonable hourly rate is $250, consistent with Mr. Bond's hourly rate.

　　　　Mr. Murphy, Mr. Parry, and Mr. Wirick have two to four years of litigation experience.  This Court typically awards

---

[4] The district judge in Nicholas M. adopted this Court's Report of Special Master on January 21, 2010.

[5] The district judge in Ware adopted this Court's Report of Special Master on August 12, 2008.

[6] The district judge in Goray adopted this Court's Report of Special Master on July 11, 2008.

attorneys with two to three years of experience $130 per hour. See Ko Olina, Order Awarding Attorneys' Fees and Costs, at 7-8 (attorney admitted in 2007 requested $210 per hour and was awarded $130); Horizon Lines, LLC v. Camellia Dairy, Inc., CV 08-00039 JMS-LEK, Amendment to Findings and Recommendations for Entry of Default Judgment, Filed June 16, 2008, filed 9/3/08 (dkt. no. 21) (attorney admitted in 2007 requested $145 and $150 per hour, but was awarded $130);[7] Won, et al. v. England, et al., CV 07-00606 JMS-LEK, Report of Special Master on Defendant's Motion for Attorney's Fees and Costs, filed 7/15/08 (dkt. no. 84), at 7-8 (attorney admitted in 2006 requested $155, but was awarded $130).[8]  This Court therefore finds Mr. Parry's requested rate of $150 per hour and Mr. Murphy's requested rate of $180 per hour to be excessive.  A reasonable hourly rate for both Mr. Parry and Mr. Murphy is $130.  Similarly, Mr. Wirick's requested hourly rate of $185 is excessive, and a reasonable hourly rate for him is $140.

Ms. Finfrock's requested hourly rate of $75 is manifestly reasonable.  Plaintiffs did not provide any justification for the increase in her rate from $75 to $80.  This Court will therefore apply Ms. Finfrock's $75 rate to all work

---

[7] The district judge in Horizon Lines adopted the amended findings and recommendations on September 29, 2008.

[8] The district judge in Won adopted this Court's Report of Special Master on August 18, 2008.

she performed in this case.

### 2. **Dwyer Schraff**

Mr. Dwyer and Mr. Meyer have been practicing law since 1974 and 1979, respectively. The hourly rates for attorneys with this level of experience varies. See, e.g., Blake, et al. v. Nishimura, et al., CV 08-00281 LEK, Order Granting in Part and Denying in Part Plaintiffs' Motion for Award of Attorneys' Fees and Costs, filed 3/31/10 (dkt. no. 107), at 13-16 (attorney with almost forty years of litigation experience requested $585 per hour and was awarded $350, and attorney licensed since 1969 requested $350 per hour and was awarded $285). Considering the prior awards in this district, the type of work required in this case, and counsel's qualifications, this Court finds that Mr. Dwyer's and Mr. Meyer's requested hourly rates are excessive and that $300 is a reasonable hourly rate for both of them.

This Court also notes that Ms. Wagner's requested rate of $105 per hour is inconsistent with this Court's awards in prior cases for paralegals with lengthy or specialized experience. See, e.g., Nicholas M., Report of Special Master at 7-9 (paralegal requested and received $85 per hour); Won, Report of Special Master at 7-8 (paralegal requested $120 per hour and received $85); Mabson v. Ass'n of Apartment Owners of Maui Kamaole, CV 06-00235 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel, filed

2/26/08 (dkt. no. 94), at 6-8 (paralegal requested $125 per hour and received $85).[9]  This Court therefore finds $85 to be a reasonable hourly rate for Ms. Wagner.

### B.   **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### 1.   **Pre-Filing Work**

Zarian Midgley billed almost forty hours in this case

---

[9] The district judge in Mabson adopted this Court's Report of Special Master on May 13, 2008.

11

prior to the filing of the Complaint.  While some time before the filing a complaint is necessary, such as drafting the complaint, forty hours is excessive in this case.  This Court will therefore deduct one half of Zarian Midgley's time before the filing of the Complaint.  Specifically, the Court will deduct 1.85 hours from Mr. Zarian's time, 1.25 hours from Mr. Parry's time, 1.35 hours from Mr. Bond's time, 11.35 hours from Mr. Wirick's time, and 3.4 hours from Ms. Finfrock's time.  This Court finds the remainder of Zarian Midgley's pre-filing work to be reasonable.

### 2.   **Clerical or Ministerial Tasks**

Clerical or ministerial tasks are not compensable because "[c]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  See Jeremiah B., et al. v. Dep't of Educ., CV 09-00262 DAE-LEK, Report of Special Master on Award of Attorneys' Fees and Costs, filed 1/29/10 (dkt. no 26), at 11 (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).[10]  Office filing and telephone conferences or correspondence with the Clerk's Office, which includes the judges' courtroom managers, about scheduling are non-compensable clerical tasks.  This Court will therefore exclude 0.5 hours from Mr. Dwyer's time for clerical tasks.

---

[10] The district judge in Jeremiah B. adopted this Court's Report of Special Master on February 22, 2010.

In addition, the Court notes that, on June 15, 2009, Mr. Zarian billed 0.2 hours for "Attention to Ventula matter and status re same." There is insufficient information in this entry and, from the little that is there, the Court suspects that the work was ministerial case management. The Court will therefore deduct the 0.2 hours from Mr. Zarian's time.

### 3.  **Duplicative Billings**

As a general rule, this Court allows two attorneys to bill for their appearances at court proceedings when it is reasonable and necessary for a "second-chair" to appear with lead counsel. The Court, however, does not allow more than one attorney to bill for attending: 1) a meeting between co-counsel; 2) a client meeting; or 3) a meeting with opposing counsel. This Court generally deducts the time spent by the lowest-billing attorney or attorneys. See, e.g., Melodee H., et al. v. Dep't of Educ., State of Hawaii, CV 07-00256 HG-LEK, Report of Special Master on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, filed 9/23/08 (dkt. no. 40), at 28-30.[11]

This Court finds that 0.3 hours of Mr. Zarian's time and 0.7 hours of Mr. Wirick's time in teleconferences or meetings was duplicative of the time billed either by other Zarian Midgley attorneys or by Dwyer Schraff attorneys. The Court also finds

---

[11] The district judge in Melodee H. adopted this Court's Report of Special Master, as amended, on October 27, 2008.

that 1.7 hours of Mr. Meyer's time in teleconferences or meetings was duplicative of Mr. Dwyer's time. The Court will therefore deduct these amounts.

The Court finds that the remainder of counsel's time was necessary and reasonable in this case.

### C. **Total Lodestar Award**

Based on the foregoing, this Court FINDS that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

*Zarian Midgley*

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Zarian | 5.35 | $250 | $ 1,337.50 |
| Brook Bond | 3.05 | $250 | $   762.50 |
| Tyler Wirick | 63.25 | $140 | $ 8,855.00 |
| Timothy Murphy | 14.00 | $130 | $ 1,820.00 |
| Jeffrey Parry | 1.25 | $130 | $   162.50 |
| Janelle Finfrock | 5.10 | $ 75 | $   382.50 |
| | | **TOTAL** | **$13,320.00** |

*Dwyer Schraff*

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Dwyer, Jr. | 34.25 | $300 | $10,275.00 |
| William Meyer, III | 7.65 | $300 | $ 2,295.00 |
| Susan Wagner | 1.90 | $ 85 | $   161.50 |
| | | Subtotal | $12,731.50 |
| | State Excise Tax of 4.712% | | $   599.91 |
| | | **TOTAL** | **$13,331.41** |

The Court declines to adjust the award based on the remaining Kerr factors.

### III. **Calculation of Costs**

Plaintiff also seeks $478.01 in costs consisting of the following: filing and certification of the Complaint - $359.00;

14

sheriff's fees for service of the Complaint - $62.50; sheriff's fees for correspondence from Plaintiff - $35.00; and Hawai`i general excise tax on the costs - $21.51.  [Dwyer Aff. at 11.] These costs were necessarily incurred in this case and are the type of expenses that are typically charged to a fee paying client.  This Court therefore FINDS that these costs are compensable and RECOMMENDS that the district judge grant Plaintiff's request for costs in full.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Related Non-Taxable Costs, filed on February 23, 2010, be GRANTED.  The Court RECOMMENDS that the district judge award Plaintiff $13,320.00 in attorneys' fees incurred by Zarian Midgley, and $13,331.41 in attorneys' fees and $478.01 in costs incurred by Dwyer Schraff, for a total award of $27,129.42.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, April 30, 2010.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS V. RANDY VENTULA; CIVIL 09-00104 SOM-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS**